IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SCOTT SUDOL, | ) ) ) | |
| Petitioner, | ) ) | Case No. CV 05-311-S-MHW |
| v. | ) ) | **MEMORANDUM DECISION and ORDER** |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) ) | |
| Respondent. | ) ) | |

Currently before the Court for its consideration is the Petitioner's request for judicial review (docket # 2) of the Respondent's denial of social security disability benefits, filed August 3, 2005. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review and the answer, the parties' memorandums, and the administrative record, and submits its Memorandum Decision as follows.

# I.
# Background.

**A.     Administrative Proceedings.**

Petitioner Scott Sudol filed applications for a period of disability, disability insurance benefits, and supplemental security income on January 6, 2003. (AR 53-56.)   He alleged disability since October 1, 2000.  The applications were denied initially on March 4, 2003 (AR 36-40), and upon reconsideration on June 24, 2003 (AR 30-34).  After a timely request for a hearing was filed, Petitioner, represented by counselor Andrea Cardon, appeared and testified before Administrative Law Judge (ALJ) Robin L. Henrie on August 18, 2004.  (AR 133-79.) Anne Aastum testified as a vocational expert.  Gloria Saxton testified as a witness on Petitioner's behalf.

ALJ Henrie considered the testimony and all other evidence of record, and on January 25, 2005, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income.  (AR 16-28.)  This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on June 6, 2005.  (AR 3-5.)  20 C.F.R. §§ 404.981, 416.1481 (1991). Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**B.     Statement of Facts.**

At the time of the hearing before the ALJ, Petitioner was 43 years old and has 14 years of education, with past relevant work experience as a finish carpenter.  Petitioner alleges disability

due to problems with his back stemming from a crush injury to his spine that resulted from a helicopter crash in 1989 during the time he was serving in the military.

## II.
## Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR ), the ALJ made specific findings as follows:

1. The claimant met the disability insured status requirements of the Act on October 1, 2000, the date the claimant alleged an inability to work, and continued to meet them through June 30, 2003.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability as noted above.

3. The claimant alleges the severe impairment(s) noted above, which are incorporated herein by reference.

4. The claimant does have severe impairment(s), which combine to significantly limit the ability to perform basic work-related activities, as set forth in detail above.

5. The exhibits and testimony do not establish that a listing is met or equaled in this case.

6. The ALJ has determined the claimant's credibility regarding symptom testimony as set forth in detail above in the body of the decision. Such credibility findings are incorporated herein by reference. It is concluded that the claimant's impairments and symptoms do not preclude the occupations suggested by the vocational expert.

7. The claimant suffers from severe impairments, which reduce the residual functional capacity to the performance of only a limited range of sedentary unskilled work, as set forth in detail in the body of the decision.

8. The claimant is unable to perform any past relevant work, for the reasons detailed above.

    9.      The claimant is 43 years of age, which is defined as a "younger individual."

    10.      The claimant has 14 years of education.

    11.      Works skills are not at issue in this matter as noted in detail above.

    12.      Considering these vocational factors and the claimant's residual functional capacity, Medical-Vocational Rules 201.28 and 201.29 provide the framework for a finding of "not disabled." Within this framework the claimant could perform a significant number of jobs, in the national economy, in the various occupations cited by the vocational expert, as set forth in detail above.

    13.      The claimant has not been under a "disability," as defined in the Social Security Act, at any time prior to the date of this decision.

AR 27-28.

### III.
### Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C.  § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal

error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled

**Memorandum Decision and Order - Page 5**

role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits. 20 C.F.R. §§ 404.1520, 416.920 (1996)*; Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  First, the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If the claimant is engaged in such activity, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b). The ALJ determined that the Petitioner was not involved in any substantial gainful activity since October 1, 2000, the alleged onset date of disability.  (AR 20.)

Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.  The ALJ here found that Petitioner's impairments of "disc problems with severe back pain, inability to sit, stand or walk for prolonged periods, breathing problems, depression, limited concentration and sleep disturbance," as well as the diagnosis of degenerative disc disease did establish that a severe impairment had been diagnosed and was of sufficient duration to more than minimally limit Petitioner's ability to engage in basic work activities.  (AR 20.)

If the impairment is severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those

**Memorandum Decision and Order - Page 6**

...
...

contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. §§ 404.1520(d); 416.920(e). Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment. If a claimant can show he or she is limited by such an impairment, disability is presumed. The ALJ here determined that Petitioner did not possess the findings upon examination which are required in order for disability to be predicated on medical considerations alone, and that Petitioner's impairments did not meet or equal the severity of any listing of impairments. (AR 21.)

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. 20 C.F.R. §§ 404.1520(f), 416.920(f). In the instant case, the ALJ determined from the evidence that the Petitioner did not retain the residual functional capacity to perform his past relevant work as a finish carpenter. However, the ALJ found that the Petitioner does have the RFC to perform the full range of unskilled, sedentary work. (AR 21-26.) On the basis of this

review, the ALJ determined that Petitioner was not disabled within the meaning of the Act. (AR 27.)

## IV.
## Issues Raised.

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). Petitioner contends that the ALJ erred in the following respects:

1) Did the ALJ properly find that the Petitioner's testimony was not credible?

2) Did the ALJ give proper consideration to the medical opinions and disability rating by the Veteran's Administration?

3) Did the ALJ properly evaluate the vocational considerations?

The Court will take each argument in order.

**1.    Credibility of Petitioner's testimony.**

The ALJ found that the Petitioner was not credible as his alleged symptoms and functional limitations were not consistent with the objective medical evidence of record. The ALJ noted that the Petitioner said that he could perform basic household chores and was independent in his activities of self care and daily living except that he needed assistance to get out of the bathtub.

Petitioner states that his testimony was misinterpreted and taken out of context. He is only occasionally able to perform light household chores, which does not equate to full work activity. *Baumgarten v. Chater*,75 F.F3d 366 (8th Cir. 1996); and *Davis v. California*, 125 F.3d

**Memorandum Decision and Order - Page 8**

670 (8th Cir. 1997).  Petitioner argues that if he can engage in activities sporadically, such as housework, occasional weekend trips, and some exercise, punctuated with rest in between, that this does not support a finding that he can engage in regular work activities, citing *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998).  A claimant does not have to be "utterly incapacitated" in order to be disabled.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); and *Vertigan v. Halter*, 260 F.3d 1044 (9th Cir. 2001).

      Courts have consistently held that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  *See Meanel v. Apfel,* 172 F.3d at 1113; and *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1995).  A claimant may not rely upon mere allegations of pain to meet his burden of proof, but must substantiate such allegations with objective medical findings which could reasonably be expected to produce the alleged pain or other symptoms.  *See:* 42 U.S.C. § § 423(d)(5)(A) and 1382c(3)(H).  The effect of pain can be assessed within an individual's functional capacity and then an ALJ may evaluate the credibility of a claimant's statements about the pain.  *Id.*  Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of the pain if he can state specific, clear, and convincing reasons for doing so.  *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996).  An ALJ is not required to believe every allegation of disabling pain because it would be contrary to 42 U.S.C. § 423(d)(5)(A), and while many medical conditions produce pain it is not always severe enough to preclude gainful employment.  *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

      Petitioner sustained his back injury in 1989.  He quit work in October, 2000, due to pain and started seeking regular medical treatment in February, 2001, at the Veterans Administration

as his symptoms progressed.  His pain level is reported to be at a 7 or 8 out of 10 constantly.  He cannot stoop, bend or squat, and he often has to change positions every 15 to 20 minutes.  He often uses a cane to walk with.  The pain from his back radiates down into his legs.  He has been prescribed narcotic pain killers but he does not want to take them because they make him feel depressed and he fears that he will become addicted to them.  Instead he takes 8 to 9 - 600 mg ibuprofen tablets per day.  He has been evaluated by different doctors, four of whom have recommended surgery and four who do not.  The Petitioner's fiancé, Gloria Saxton, who also testified at the hearing, verified this information and stated that the Petitioner is usually able to care for himself without assistance with the exception that he occasionally needs assistance bathing and sometimes with dressing.

In this instance, the ALJ summarized the Petitioner's testimony with regard to pain and noted that Petitioner alleged such severe pain from his impairments that he was prevented from doing almost all physical activity.  The ALJ found the Petitioner's claim of an inability to work to not be credible for several reasons.  (AR 24-25.)  First, the ALJ states that the "VA has recommended he take pain medication but he has failed to do so.  The Regulations are clear that a claimant must follow prescribed treatment if it can restore the ability to return to work.  Failure to do so without an acceptable reason can result in a finding of 'not disabled' (20 C.F.R. 404.1530)."  (AR 24.)

The ALJ's reasoning here is fraught with inaccuracies.  The VA recommended that Petitioner take pain medication and the Petitioner does take pain medication.  He takes ibuprofen in extremely large doses rather than the narcotic drugs that the VA doctors would otherwise prescribe.   Therefore, it is inaccurate for the ALJ to state that the Petitioner is "failing" to take

**Memorandum Decision and Order - Page 10**

pain medication against the VA doctor's advice.  The Petitioner's reason for not taking narcotic drugs is that he fears he will become addicted to the narcotics and they make him depressed, which are common side effects to long-term use of narcotic drugs.  This is in the record and in Petitioner's testimony, yet the ALJ fails to take this into account, and although this would serve as "acceptable reasons" for not taking narcotics.  (AR 24.)  The Petitioner should not be required to take narcotics at the risk of becoming addicted to them in order for the ALJ to reach a finding of "disabled."

In addition, whether the Petitioner takes ibuprofen or narcotics, it is inaccurate for the ALJ to state that medication is going to be sufficient to "restore the [Petitioner's] ability to return to work."  (AR 24.)  Treatment with medication is merely treating or masking the symptoms temporarily, but not curing them to the extent that Petitioner will be restored to return to work.  In fact, it would seem more unlikely that the Petitioner would be able to work if he were taking narcotic medications all of the time than if her were only taking ibuprofen that does not have a narcotic effect.

Further, the ALJ criticizes the Petitioner for "a lack of medical treatment," even though the Petitioner has sought treatment at the Veteran's Administration but has had difficulty getting access to VA resources because he was not readily assignable to a treatment "team."  The ALJ, in his decision, ignores this aspect of the Petitioner's testimony and does not take it into account.

Finally, although ibuprofen is technically an over the counter drug, the Petitioner is taking it in 600 mg tablets, which are distributed in prescription form that he receives from the VA (AR 149).  Therefore it was inaccurate for the ALJ to assume that the Petitioner was taking only over the counter medication when this was not what the Petitioner testified about.

**Memorandum Decision and Order - Page 11**

Although an ALJ may nonetheless reject the claimant's testimony about the severity of the pain if he can state specific, clear, and convincing reasons for doing so, *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996), the ALJ's reasoning here is not convincing because it is not supported by the record.  Accordingly, the matter must be reversed and remanded on this issue for further proceedings.

**2.      Weight given to medical opinions and disability rating by VA.**

The Veteran's Administration, in 2002, rated the Petitioner at a 60% service-connected disability and determined that he was 100% unemployable due to his low back disability.  (AR 56c,d,e.)  In his decision, the ALJ rejected this rating by stating, "Likewise, a decision by another organization or governmental agency about whether the claimant is 'disabled' is based on its rules and is not based on the Social Security Act and Regulations.  Therefore, such a determination is not binding on the ALJ for purposes of a Social Security disability determination (20 C.F.R. [§] 404.1504)."

In *McCartney v. Massanari*, 298 F.3d 1072 (9th Cir. 2002), the Ninth Circuit addressed for the first time the issue of whether a Department of Veterans Affairs rating of disability should be considered by the Social Security Administration and what weight it should be given.  Falling in line with every other Circuit in the country, the Ninth Circuit held that an ALJ must consider the VA's finding in making a disability determination and, while not compelled to reach the same result, an ALJ must ordinarily give "great weight" to a VA determination of disability.  *McCartney*, 298 F3d at 1076.

The Ninth Circuit's reasoning was as follows:

> Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record. *See Chambliss,* 269 F.3d at 522 (ALJ need not give great weight to a VA rating if he 'adequately explain[s] the valid reasons for not doing so.')

*McCartney,* 298 F.3d at 1076.

In *McCartney,* the ALJ failed to consider the VA findings and did not mention it in his opinion. In this case, the ALJ *did* mention the VA opinion, but did not set forth any persuasive, specific, or valid reasons, supported by the record, why the ALJ did not give it "great weight." This was legal error on the part of the ALJ and for this reason the case must be remanded for further proceedings.

### 3. Evaluation of vocational considerations.

The ALJ determined that the Petitioner could perform the full range of sedentary unskilled work. This matter is already being remanded for the ALJ to take into consideration the VA's disability rating and the limitations it is based on. Accordingly, the Court assumes that part of that evaluation will necessarily have to include a reevaluation of the Petitioner's residual functional capacity for work.

## V.

## Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence and is the product of legal error. Therefore, the

Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be reversed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be REVERSED and REMANDED for further proceedings consistent with this decision.  This is to be considered a sentence "six" remand.



DATED:  **September 30, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge